IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED
OCT 23 2012
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| ROBIN LANG, ) | Case No. 2:12cv574 |
| Plaintiff, ) | |
| ) | COMPLAINT |
| v. ) | (Jury Trial Demanded) |
| ) | |
| VIRGINIA BEACH LIFESAVING SERVICE ) | |
| ) | |
| Defendant. ) | |

SERVE: Virginia Beach Lifesaving Service C/O Samuel Meekins, Jr., Esq., who will accept as representing attorney.

Samuel W. Meekins, Jr., Esq.
Wolcott Rivers Gates, Attorneys At Law
Convergence Center IV
301 Bendix Road, Suite 500
Virginia Beach, VA 23452-1385

## COMPLAINT

COMES NOW plaintiff ROBIN LANG ("Lang"), by and through counsel, and moves this court for entry of judgment in her favor, and against defendant VIRGINIA BEACH LIFESAVING SERVICE ("VBLS") and in support of such motion, alleges and avers as follows:

### NATURE OF ACTION

1. This is an action arising out of failure to promote and retaliatory termination by VBLS.

2. This action states federal claims against the defendant for retaliation and discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

## PARTIES

3. Plaintiff Lang is a resident and citizen of the City of Virginia Beach, Virginia.

4. Lang was an employee of VBLS within the meaning of 42 U.S.C. §2000e (f) at all times relevant to this action.

5. Defendant VBLS is an employer within the meaning of U.S.C. § 2000e (b) at all times relevant to this action.

6. VBLS is doing business in the City of Virginia Beach, Virginia.

7. VBLS is engaged in an industry affecting commerce and has had more than 15 employees for each working day in each of the twenty or more calendar weeks in the current or preceding year, within the meaning of 42 U.S.C.§2000e(b).

## JURISDICTION

8. This Court has jurisdiction over Lang's claims under Title VII of the Civil Rights Act of 1964, as amended, pursuant to 42 U.S.C. § 2000e-5(f)(3).

9. VBLS presently, and regularly, conducts business in the City of Virginia Beach, Virginia.

10. VBLS is subject to personal jurisdiction of this Court pursuant to Va. Code §8.01-328. 1 (A) (1) & (6).

## VENUE

11. VBLS presently, and regularly, conducts affairs and business activities in the City of Virginia Beach, Virginia.

12. VBLS presently, and regularly, employs over two hundred employees.

13. The causes of action alleged in this action arose in the City of Virginia Beach, Virginia.

14. The unlawful employment practices committed by VBLS occurred in this judicial district, employment records relevant to such practices are maintained and administered in this judicial district, and Lang would have been promoted and retained her employment in this judicial district but for the unlawful practices of VBLS.

15. Venue over the claims of Lang under Title VII is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3).

## PROCEDURAL STATUS

16. On March 8, 2012, Lang timely filed an administrative Charge of Discrimination and Equal Pay Act jointly with the Virginia Council on Human Rights and the Equal Employment Opportunity Commission ("EEOC").

17. On July 2, 2012, Lang timely filed an amended administrative Charge of Discrimination and Retaliation with the EEOC.

18. On, September 25, 2012, the EEOC issued a Notice of Right to Sue letter.

19. This action is timely filed and all procedural prerequisites to suit have been met.

## **BACKGROUND**

20. Lang was hired by on or about June 2005 as a Lifeguard by VBLS.

21. Lang was promoted to the position of Crew Chief on or about March 2008 by VBLS.

22. Ms. Lang was qualified for the promotion from Crew Chief to Sergeant.

23. Ms. Lang was passed over four times for promotion from Crew Chief to Sergeant.

24. No advertisement is made regarding open Sergeant positions, nor are there a pre-set number of positions in each rank.

25. Ms. Lang was qualified for the promotion she was already fulfilling the same job duties as those working as Sergeants.

26. Ms. Lang received numerous awards while employed by VBLS, including, but not limited to, Female Lifeguard of the Year for 2007, Class Act Award from Virginia Beach EMS in 2007, United States Lifesaving National Award in 2009, and a Super-Hero Award in 2010.

27. On or about May 14, 2011, Ms. Lang asked Tom Gill, Deputy Chief to reconsider failing to promote Ms. Lang to Sergeant.

28. Mr. Gill informed Ms. Lang that she was doing a great job and there was nothing further she could alter regarding her work performance to prepare her to become Sergeant or to encourage VBLS to promote her to the Sergeant position.

29. Mr. Gill informed Ms. Lang a decision regarding promotion to Sergeant would be made on or about July 4, 2011.

30. Available vacancies for promotion to the position of Sergeant are not

advertised and there are no particular criteria for promotion.

31. On or about May 14, 2011, Mr. Gill informed Ms. Lang he would reconsider her request for promotion after July 4, 2011, however, no action was taken and Ms. Lang was not promoted.

32. During Ms. Lang's tenure as Crew Chief, four individuals that were equally or less qualified than her were promoted to the position of Sergeant over her.

33. Ms. Lang was passed over for promotion multiple times.

34. Jacob Brubaker, a male, was promoted from Crew Chief to Sergeant in May of 2011.

35. Ms. Lang had worked more major life guarding calls, worked more, aided with trainings, and was generally more involved with VBLS than Mr. Brubaker.

36. David Mauch, a male, was promoted from Lifeguard to Sergeant in May of 2011.

37. Prior to Mr. Mauch's promotion, no other individual had ever been promoted directly from Lifeguard to Sergeant without having served as a Crew Chief.

38. At the time of Mr. Mauch's promotion, he had only been employed by VBLS for two years while Ms. Lang had been employed by VBLS for six years.

39. In 2010, David Bostic, a male was promoted from Crew Chief to Sergeant.

40. Mr. Bostic has spent very few hours as a lifeguard.

41. In 2010, Larry Watson was promoted from Crew Chief to Sergeant.

42. Mr. Watson has spent very few hours as a lifeguard.

43. Ms. Lang is assigned to perform the same duties as Sergeants and Lieutenants, but is paid a lower rate of pay.

44. On March 8, 2012, Lang timely filed an administrative Charge of Discrimination and Equal Pay Act jointly with the Virginia Council on Human Rights and the Equal Employment Opportunity Commission ("EEOC") because of VBLS's discriminatory failure to promote her in addition to her performance of the same job duties as males for less pay.

45. On or before March 27, 2012, within weeks of filing an administrative charge with the EEOC, Ms. Lang was taken off of group emails that related to her position as a Crew Chief.

46. On or before March 27, 2012, within weeks of filing an administrative charge with the EEOC, Ms. Lang sent multiple emails to Tom Gill and Gary Feltch to which they did not respond.

47. On April 13, 2012, Ms. Lang received an e-mail from Deputy Chief Tom Gill terminating her.

48. On July 2, 2012, Lang timely filed an amended administrative Charge of Discrimination and Retaliation with the EEOC for her termination because of filing the EEOC charge.

49. Mr. Gill listed reasons in his email to Ms. Lang for her termination as failure to participate in a staff meeting, for leaving a staff meeting early, for not turning in her uniform size, for lack of interest and enthusiasm, and for not furnishing certifications.

50. The reasons listed by Mr. Gill for Ms. Lang's termination were purely pretextual.

51. There are other individuals who attended the same staff meeting who did not furnish certifications and did not ask questions during the meeting. In fact, no one

who attended the meeting furnished certifications. Ms. Lang was never informed that a failure to ask questions pertaining to a job she had been conducting for years would result in her termination, nor was Ms. Lang informed that asking questions at a meeting was a requirement for her position as a Crew Chief.

52. Other individuals attending the staff meeting who are still employed by VBLS did not furnish their uniform size and left the staff meeting early.

53. Ms. Lang did not need a new uniform and, therefore, did not furnish her size.

54. Individuals working as Lifeguards, Crew Chiefs, and Sergeants with VBLS continue to work not only without furnishing VBLS certification, but without having completed certification.

## COUNT I

## DISCRIMINATION PURSUANT TO TITLE VII

55. Lang restates and realleges the allegations set forth in paragraphs 1 through 52 as though fully stated herein.

56. Plaintiff and Defendant herein are employee and employer, respectively, for purposes of the definitions set forth in 42 U.S.C. §2000e et seq.

57. 42 U.S.C. § 2000e–2(a) provides that "It shall be an unlawful employment practice for an employer...to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's...sex." Defendant's conduct was in violation of 42 U.S.C. §2000e et seq.

58. VBLS, by and through its officers, agents, supervisors, and employees,

discriminated against Lang with respect to her compensation, terms, conditions, or privileges of employment. In particular, she was denied promotion due to her gender.

59. The conduct of VBLS was actuated by ill will, recklessness, and willful disregard for Lang's rights, wantonness, oppressiveness, and spirit of mischief. VBLS engaged in these discriminatory practices with malice and with reckless indifference to Lang's federally protected rights, within the meaning of Section 109 (b) of the Civil Rights Act of 1991.

60. As a direct and proximate result of the discrimination, Lang has suffered, and will suffer in the future, great damages including loss of past and present income, loss of career and business opportunities and advancement, embarrassment, humiliation, inconvenience, severe mental anguish, stress, pain and suffering.

61. In addition, Lang has incurred and continues to accrue attorneys' fees and litigation costs related to the prosecution of this action.

62. Due to the severity of Lang's conduct, Lang is also entitled to punitive damages.

## COUNT II

## RETALIATION PURSUANT TO TITLE VII

63. Lang restates and realleges the allegations set forth in paragraphs 1 through 62 as though fully stated herein.

64. 42 U.S.C. § 2000e-3 provides that it is an unlawful employment practice for an employer to "discriminate against any individual...because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under this subchapter."

65. Defendant VBLS, by and through its employees, agents, and officers, including supervisory employees, intentionally, willfully, and wantonly retaliated against Lang through her termination as she engaged in protected activity by filing a charge with the EEOC.

66. The actions and/or activities of defendant VBLS constitute retaliation for Lang's protected activity, and are in violation of Title VII of the 1964 Civil Rights Act, as amended.

67. As a direct and proximate result of the unlawful retaliation by defendant VBLS, Lang has suffered, and will suffer in the future, great damages including loss of past and present income, loss of career and business opportunities and advancement, embarrassment, humiliation, inconvenience, severe mental anguish, stress, pain and suffering in amounts to be determined at trial.

68. In addition, Lang has incurred and continues to accrue attorneys' fees and other costs related to the prosecution of this action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff ROBIN LANG prays that this Court enter judgment in her favor, and against defendant VIRGINIA BEACH LIFESAVING SERVICES, on the above counts, and one each of them, and further:

1. Award injunctive relief consisting of an order requiring VBLS to establish and maintain an anti-retaliation training program for supervisors, to be approved of and monitored by the United States Equal Employment Opportunity Commission;

2. Award on Count I, judgment in favor of Lang and against VBLS, for all

relief available under Title VII of the Civil Rights Act of 1964, including back pay, front pay, and interest on those amounts, each in amounts to be determined at trial; and the amount of compensatory damage and punitive damages, her attorney fees and costs in this action pursuant to 42 U.S.C. §2000e-2a(1);

3. Award on Count II, judgment in favor of Lang, and against VBLS, for all relief available under Title VII of the Civil Rights Act of 1964, as amended, including back pay, front pay, and interest on those amounts, each in amounts to be determined at trial; compensatory damage and punitive damages in an amount of *$300,000 (Three Hundred Thousand Dollars);* and her attorney fees and costs in this action pursuant to 42 U.S.C. § 2000e-3;

4. Award Lang such other and further relief as the Court deems just and equitable under the circumstances.

**JURY TRIAL DEMANDED**

Dated: October 19, 2012          ROBIN LANG

_____
Of Counsel
Lisa A. Bertini (VSB #29660)
lbertini@bohlaw.net
Courtney C. Williams (VSB # 81083)
cwilliams@bohlaw.net
Bertini O'Donnell & Hammer, PC
999 Waterside Drive, Suite 1010
Norfolk, Virginia 23510
(757) 670-3868 Telephone
(757) 670-3865 Facsimile

*Counsel for Robin Lang*